IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES C. WINDING                                                                         PLAINTIFF

VERSUS                                           CIVIL ACTION NO. 3:13cv425-TSL-JMR

LEONARD VINCENT, *ET. AL*                                       DEFENDANTS

<u>REPORT AND RECOMMENDATION</u>

This matter is before the Court on various motions filed by the plaintiff, James Winding [Winding], in this civil action. Winding filed a motion to strike [9] the answer to the complaint; a motion to overcome [13] the motion to dismiss because of an alleged civil conspiracy; a motion [14] to "submit exhaustion of EMCF ARP completion"; a motion to compel settlement [15]; a motion for entry of default [16] against defendants David Petrie and E.L. Sparkman; a motion to amend [17] to present evidence of "on-going corruption"; and another motion to amend [34] to submit "new evidence of on-going corruption." Winding also has pending a motion for partial summary judgment [18], and an associated motion to strike [21] the motion for partial summary judgment.

The complaint in this case was filed under 42 U.S.C. § 1983 in the Circuit Court of Hinds County on May 21, 2013, and names as defendants Leonard Vincent; David Petrie; Joyce Graham; O. Little; E.L. Sparkman; J. Breakfield[1]; F. Shaw; F. Ovalle; V. Rivera; Michael Rice; Doris Smith; Dennis Huggins; M. Pone; and M. Gipson. [1-1, p. 4.] Winding contends that the defendants "acted with deliberate indifference due to plaintiff Winding made [sic] reasonable attempts to file and prosecute grievances, but had many of his grievances and inquiries ignored." [1-1, p. 6.] He claims that the defendants "interfered with the prosecution of his civil lawsuit" and lists eighteen cases filed in state and federal court by Winding, many naming these same

---

[1]Winding stipulated to the dismissal with prejudice of Jessica Breakfield in this case. [12.]

individuals as defendants. [1-1, pp. 8-9.]

Winding claims that the three strike defense should not apply in this case because the suit was originally filed in state court. [9, p. 1.] Winding claims that his allegations of a civil conspiracy should overcome the defense motion to dismiss. [13.] He attaches a copy of a Rule Violation Report [RVR] dated January 23, 2013. [13-1, p. 6.]

Winding filed a motion "to submit exhaustion" which includes an undated copy of a response filed to Winding's complaint concerning alleged corruption within EMCF. [14-1, p. 1.] Winding's motion to compel settlement provides that "plaintiff requests this court to compel MTC officials to stop their interference of his settlement." [15.]

Winding asserts that the Clerk should enter default against Petrie and Sparkman for failure to "plead, answer or otherwise defend." [16, p. 1.] Vincent, Petrie and Sparkman filed their answer and defenses to the complaint on August 17, 2013. [19.]

Winding's motion for partial summary judgment contends that evidence of "a pattern of on-going of [sic] deliberate indifference barbaric, poor management, retaliation, sexual assault(s) condition perform [sic] by both MTC and MDOC officials." [18.] No other information is provided by Winding regarding the motion, other than a demand for $38,000 in punitive damages. [18.] Attached as support for the motion are a group of internet articles from an unknown source about the EMCF. [18-1, pp. 1-38.] The motion to strike the attachment to motion for summary judgment argues that the information is hearsay and should be struck. [21.]

Winding seeks $15,000 in unspecified damages and $5,000 in punitive damages for each of the fifteen lawsuits Winding alleges were curtailed by these defendants' actions based on an alleged due process violation and for Graham and Bindtail[2] to be terminated. [1-1, pp. 6, 8-9.]

---

[2]There is no defendant "J. Bindtail" listed in the pleadings for this case. [1-1, p. 4.]

Winding contends that these defendants acted with deliberate indifference in failing to respond to grievances and inquiries. [1-1, p. 6.] He claims that by failing to allow him to file a grievance, these defendants interfered with various lawsuits[3] he had pending. [1-1, pp. 8-9.] Winding has presented only conclusory allegations to support his claim of a conspiracy, which are not sufficient to state a claim of conspiracy under section 1983. *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir. 1989), *cert. denied* 493 U.S. 1083 (1990).

If a complaint brought by a prisoner is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief, a Court may dismiss the complaint. 28 U.S.C. § 1915A; 29 U.S.C.§ 1915(e)(2); 42 U.S.C. § 1997e(c)(1). A Spears hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

A prisoner does not have a federally protected right to have his grievances investigated and resolved. *Sandin v. Conner*, 515 U.S. 472, 487 (1995). The mere failure of an official to follow state law or regulation, without more, does not violate constitutional law. *Murray v. Mississippi Dept. Of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990). Accordingly, the Court finds that Winding's claims against each of these defendants lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 326-330 (1989).

Claims advanced against the defendants Ovalle, Shaw, and Sparkman because of their alleged failure to correct grievance proceedings are based on their supervisory positions and are subject to dismissal because acts of a subordinate do not trigger section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). A supervisory official may only be held liable when he or she is either personally

---

[3]The list includes two suits filed in federal court: *Winding v. Vand*, 3:13cv142DJP and *Winding v. Delanie*, 3:13cv215DPJ.

involved in the acts causing the deprivation of a person's constitutional rights or there is a sufficient causal connection between the official's acts and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Winding has alleged nothing to demonstrate personal involvement by Ovalle, Shaw or Sparkman and has alleged no facts showing a causal connection between their actions and the alleged constitutional violations. The Court recommends that these defendants be dismissed from this suit.

An inmate alleging denial of the right of access to courts must demonstrate an actual injury from the alleged unconstitutional actions by a defendant. *Brewster v. Dretke*, 587 F.2d 764, 769 (5th Cir. 2009). Not only can Winding not show an injury, he has filed at least twelve lawsuits since the alleged acts which he claims denied him access to the courts. The right of access to courts only encompasses a reasonably adequate opportunity to file nonfrivolous legal claim challenging convictions or conditions of confinement. *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1999). Winding has not presented evidence that this right has been curtailed.

Winding has no constitutional right to a grievance procedure. *See Orellana v. Kyle,* 65 F.3d 29, 31–2 (5th Cir. 1995); *Staples v. Keffer,* 419 F. App'x 461, 463 (5th Cir. 2011)(citing *Geiger v. Jowers,* 404 F.3d 371, 373–4 (5th Cir. 2005)). Winding also had no constitutional right in having the grievances that he filed decided in his favor. *See Gartrell v. Gaylor,* 981 F.2d 254, 259 (5th Cir. 1993). The Court recommends that Winding's claims against all named defendants be dismissed. Winding has failed to state a viable constitutional claim against any defendant in this case. In addition, it appears that Winding has failed to support his motion for partial summary judgment with any competent evidence. The Court recommends that Winding's motion for partial summary judgment be denied. The Court further recommends that the motion to strike the articles presented in support of the motion for partial summary judgment be denied as moot.

The right to properly administered prison grievance procedures does not fall into the narrow category of protected liberty interests discussed by the Supreme Court in *Sandin. Geiger,* 404 F.3d 371 at 373-4; *Propes v. Mays,* 169 Fed. Appx. 183, 184-5 (5th Cir. 2006). Because Winding's complaint rests on a legally nonexistent interest, the Court finds that Winding's claims lack an arguable basis in law and are frivolous. Winding brought this suit in state court and was granted *in forma pauperis* status by the state court, which rendered such a finding moot in this court. Since Winding requested and was granted permission to proceed *in forma pauperis* in the state court, and his case was removed to federal court without him being required to pay the filing fee, he is now proceeding under the PLRA. *See Skinner v. Switzer,* —— U.S. ——, 131 S.Ct. 1289, 1299–1300 (2011); *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (11th Cir. 2001), *cert. denied,* 533 U.S. 953 (2001).

A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact. "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)). As discussed above, Winding has not presented a viable claim under § 1983, because his claims that he was denied the right of access to the court system by any of these defendants or that any defendant failed to process or consider his grievance are not constitutionally protected rights. Accordingly, the Court recommends that his claims under 42 U.S.C. § 1983 be dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted under 28 U .S.C. § 1915(e)(2)(B). The Court recommends that this case be dismissed with prejudice, for failure to state a claim. The Court further recommends that Winding's motions to strike [9] the answer to the complaint and for entry of default [16] against defendants David Petrie and E.L. Sparkman

5

be denied as moot, because those defendants filed an answer. In addition, the Court recommends that Winding's motion for partial summary judgment [18] be denied. The Court further recommends that the motion to strike [21] the articles presented in support of the motion for partial summary judgment be denied as moot.

Finally, the Court recommends that Winding's motions to overcome [13] the motion to dismiss because of an alleged civil conspiracy; to "submit exhaustion of EMCF ARP completion" [14]; to compel settlement [15]; to amend [17] to present evidence of "on-going corruption"; and to amend [34] to submit "new evidence of on-going corruption" are moot, and should be denied as such.

## **CONCLUSION**

In summary, the Court recommends that this case be dismissed with prejudice, for failure to state a claim. The Court further recommends that Winding's motions to strike [9] the answer to the complaint and for entry of default [16] be denied as moot. In addition, the Court recommends that Winding's motion for partial summary judgment [18] be denied, and the motion to strike [21] the articles presented in support of the motion for partial summary judgment be denied as moot. Finally, the Court recommends that Winding's motions to overcome [13] the motion to dismiss because of an alleged civil conspiracy; to "submit exhaustion of EMCF ARP completion" [14]; to compel settlement [15]; to amend [17] to present evidence of "on-going corruption"; and to amend [34] to submit "new evidence of on-going corruption" are moot, and should be denied as such.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than January 17, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in

whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

    THIS the 3rd day of January, 2014.

                                       *s/ John M. Roper, Sr.*
                                 CHIEF UNITED STATES MAGISTRATE JUDGE