```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          NORTHERN DIVISION

JAMES C. WINDING                                       PLAINTIFF

VS.                              CIVIL ACTION NO. 3:13CV425TSL-JMR

LEONARD VINCENT, ET AL.                               DEFENDANTS
```

ORDER

This cause is before the court on the report and recommendation of Magistrate Judge John M. Roper entered on January 3, 2014, recommending that the complaint in this case be dismissed for failure to state a claim and that plaintiff's various motions be denied. Plaintiff James C. Winding filed an objection to the report and recommendation, which he denominated "motion to consolidate." Having reviewed the report and recommendation and plaintiff's objection, the court concludes that the report and recommendation is well taken and should be adopted subject to the following modification.

While the report and recommendation initially purports to screen the complaint pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), the magistrate judge ultimately appears to recommend dismissal pursuant to § 1915(e)(2)(B).[1] However, inasmuch as plaintiff has not been

---

[1] The court notes that if 28 U.S.C. § 1915 (entitled "Proceedings in forma pauperis") has application in a removed case where the removing defendants have paid the filing fee, it seems that the proper course in this case, given that Winding has incurred three strikes in this district, would not be to screen his case under 28 U.S.C. § 1915(e), but rather to dismiss the

afforded in forma pauperis status by this court, as the case was removed to this court by defendants, who paid the filing fee, it is not clear to the court that screening pursuant to 28 U.S.C. § 1915(e)(2)(B) is appropriate.  This being said, it is clear that the court has the authority to screen a prisoner complaint for, among other reasons, failure to state a claim as to the governmental defendants under 28 U.S.C. § 1915A (permitting screening of prisoner complaints against governmental entity or

---

action pursuant to 28 U.S.C. § 1915(g), subject to Winding's either paying the filing fee or showing that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm.").  Several courts have determined that § 1915(g) has application in removed cases, Riggins v. Corizon Medical Svcs, Civil Action No. 12-0578-WS-M, 2012 WL 5471248 (S.D. Ala. Oct. 19, 2012)(stating that "to [not] apply the 'three-strikes' rule to Plaintiff's removed state court action would allow Plaintiff to accomplish an end-run around the 'three-strikes' rule by filing in state court and hoping, perhaps, for removal of his action to [federal] Court"); Crooker V. Global Tel Link, No. 11-229L, 2012 WL 651644 (D. R.I. Jan.6, 2012)(concluding that § 1915(g) applied in removed cases and requiring plaintiff to pay filing fee or demonstrate imminent danger of serious physical harm); Farnsworth v. Washington State Dept. of Corrections, No. C07-0206-RSM, 2007 WL 1101497 (W.D. Wash. April 9, 2007) (concluding over plaintiff's objection that removed case could count as "strike" under § 1915(e)).  The Fifth Circuit, however, has left the question unanswered.  Fleming v. United States, 538 Fed. Appx. 423 (5th Cir. Aug. 7, 2013)(concluding where district court correctly found that complaint in removed case properly was dismissed under § 1915A, appellate court need not consider whether dismissal under § 1915(g) was in error).

officer), and as to all defendants under 42 U.S.C. § 1997e (authorizing court to <u>sua sponte</u> screen any action challenging prison conditions under § 1983). Because, for the reasons set forth in the report and recommendation, Winding's complaint fails to state a claim upon which relief may be granted, the court concurs with the magistrate judge's conclusion that it is due to be dismissed.

The court reaches this decision in spite of Winding's objection. By his objection, Winding essentially seeks to amend his complaint in an attempt to recast his claims as ones for retaliation and/conspiracy. More specifically, either in addition to or instead of the allegations in the original complaint, Winding now asserts that, the named defendants, save Leonard Vincent, were instructed by defendant Leonard Vincent to allow him to refile grievances which had been at the center of four pending cases in this court. According to Winding, "Each defendant(s) conspire with each other so that I may not comply with Hon. Judge Ball order to exhaust administrative remedies." Winding's characterization notwithstanding, these newly alleged facts do not amount to a retaliation claim and the allegations are too conclusory to support a civil conspiracy claim. Accordingly, as the proposed amendment is futile, plaintiff's objection will be overruled.

Based on the foregoing, it is ordered that the report

and recommendation of United States Magistrate Judge John M. Roper entered on January 3, 2014, be, and the same is hereby, adopted as the finding of this court to the extent as modified above. Accordingly, it is ordered that plaintiff's complaint is dismissed with prejudice and that Winding's various pre-report and recommendation motions are denied as recommended by the report and recommendation.

 Finally, it is ordered that Winding's various post-report and recommendation motions are denied.

 A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

 SO ORDERED this 18th day of March, 2014.

          /s Tom S. Lee
          UNITED STATES DISTRICT JUDGE